UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE )
) Bankruptcy Case
DAVID WAYNE JACOBSON and ) No. 11-63542-tmr7
KATHY COBIA JACOBSON, )
) MEMORANDUM OPINION
)
Debtors. )

These matters come before the Court on the Chapter 7 Trustee's (**Trustee**) Motion to Settle and Compromise, and Trustee's and CitiMortgage, Inc.'s (**CitiMortgage**) objections to Debtors' claim of homestead exemption. The matters were briefed, and then argued at hearing on July 28, 2015. They are ripe for decision.

Factual and Procedural Background:

Debtors David and Kathy Jacobson reside in a home and real property on Arroyo Ridge Drive in Salem, Oregon (**the property**). Through a promissory note and trust deed, the property secures a debt to CitiMortgage. Before filing their Chapter 7 petition, Debtors attempted to negotiate a modification of the note and trust deed through the Home Affordable Modification Program (**HAMP**) administered by the Departments of Treasury and Housing and Urban Development. The parties dispute whether or not Debtors ultimately were entitled to a modification.

Debtors filed their Chapter 7 petition on July 19, 2011. They listed the property on Schedule A, claimed the Oregon homestead exemption therein on Schedule C, and listed CitiMortgage on Schedule D

MEMORANDUM OPINION - 1

with a claim secured by the property. Early in the case CitiMortgage moved for relief from the automatic stay to allow for foreclosure but subsequently withdrew the motion. On October 19, 2011, an order was entered granting Debtors their discharge and closing the case as "no-asset."

At some point in 2013 CitiMortgage commenced judicial foreclosure proceedings in Polk County Circuit Court. Debtors' answer contained a "[d]efense and [c]ounterclaim" for "breach of contract," alleging that in January 2010 (i.e., pre-Chapter 7 petition), they entered into a Home Affordable Modification Trial Period Plan. They allege they complied with all provisions of that agreement (by among other things, making the trial payments), and that CitiMortgage breached it by not offering them a permanent modification agreement. They also allege the foreclosure action itself violated CitiMortgage's obligations under the Federal Making Home Affordable guidelines, § 3.1.1.[1] Debtors' prayer did not request any money damages. Rather, it asked for dismissal of the foreclosure action along with an order requiring CitiMortgage to honor the Trial Period Plan agreement and provide a permanent modification agreement. For ease of reference, the Court will refer to this latter request as one for specific performance.

At some point the United States Trustee was advised of the Counterclaim, and in January 2015 moved to reopen the Chapter 7 case and have a case trustee appointed to potentially administer the asset. The main case was reopened the next day, and Jeanne Huffman was appointed Trustee.

On March 3, 2015, Trustee filed the instant motion for authority to settle and compromise:

> all claims of the Debtors against CitiMortgage, Inc. (collectively, the "Claims"), raised or raisable, that existed as of the petition date in this case, including all such claims or counterclaims raised or raisable by the Debtors in that certain litigation pending in the Circuit Court for the State of Oregon for the County of Polk . . . .

The motion indicates the estate proposes to settle the claims for $10,000. Debtors objected to the settlement. After a preliminary hearing and at the Court's direction, they filed Amended Schedule B listing a "Defense/Counterclaim for Breach of Contract against CitiMortgage, Inc." at an "unknown" value, and

---

[1] The Defense and Counterclaim does not allege what § 3.1.1 provides or requires.

MEMORANDUM OPINION - 2

1 | Amended Schedule C exempting the "Defense/Counterclaim" up to $50,000 under ORS 18.395, the Oregon

2 | homestead exemption. Trustee and CitiMortgage subsequently objected to the homestead exemption claim.

3 | Discussion:

4 | As a preliminary matter, the scope of what is being settled should be clarified. Under 11 U.S.C.

5 | § 541(a)(1),[2] the commencement of the Chapter 7 case created an estate comprised of among other things, all

6 | legal or equitable interests of the Debtors in property as of the case's commencement. There is no dispute

7 | that ordinarily claims against third parties, including counterclaims, based on facts arising pre-petition are

8 | estate property, In re Endresen, 530 B.R. 856, 864-865 (Bankr. D. Or. 2015),[3] and are solely the trustee's

9 | province to administer, whether by litigating or settling them.[4] Estate of Spirtos v. One San Bernadino Cnty.

10 | Superior Court Case Numbered SPR 02111, 443 F.3d 1172, 1174-1175 (9th Cir. 2006). Much is made in the

11 | submissions as to whether the claims at bar, and in particular the claim for specific performance, fit within

12 | this general rule, in that Debtors did not request money damages in the Circuit Court litigation.

13 | First, one must recall Trustee had (and still has) exclusive standing to assert the claims against

14 | CitiMortgage and is, thus, not bound by Debtors' pleading. Nothing prevents her from intervening in the

15 | pending litigation and filing her own counterclaim(s) requesting money damages instead of, or as an

16 | alternative to, specific performance. Kazlauskas v. Emmert, 248 Or. App. 555, 569, 275 P.3d 171, 179-180

17 | (2012). Trustee has short-circuited that process by seeking the instant settlement for $10,000. That

18 | consideration is proof positive the (counter)claim(s) have monetary value and are subject to settlement.[5]

---

[2] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

[3] This is so even if the debtor in bankruptcy was unaware of his right to bring the counterclaim, as Debtors here have argued. Id. at 864.

[4] As Debtors acknowledged, that proposition remains true in the case at bar, because the potential counterclaim was not initially scheduled and, thus, was not abandoned upon the case's closure. § 554(c),(d).

[5] This leaves open the question of whether Debtors' personal defenses are nonetheless preserved. Although under § 558 the estate has "the benefit of any defenses available to the debtor as against any entity other than the estate," the caselaw appears to indicate that unlike claims, assertion of defenses is not the

(continued...)

MEMORANDUM OPINION - 3

In deciding whether to approve a settlement the court looks at four factors as follows:

1) probability of success on the merits;
2) difficulties in collection;
3) complexity of the litigation and expense, inconvenience and delay attending it;
4) paramount interests of creditors and deference to their reasonable views.

Martin v. Kane et. al (In re A & C Props), 784 F.2d 1377, 1381 (9th Cir. 1986). Debtors do not seriously contest, and the Court hereby finds, prongs ##1-3 on balance weigh in favor of approving the proposed settlement. As to prong #4, it is axiomatic that creditors' interests would not be served if the entire settlement sum is exempt, as presently claimed. Therefore, approval of the settlement is inextricably bound with the allowability of Debtors' claim of homestead exemption.

Oregon allows an exemption up to $50,000 for joint debtors in a "homestead." ORS 18.395(1). "The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child . . . ." The exemption has been held to reach property that was not technically the debtor's actual abode. In Sticka v. Casserino (In re Casserino), 379 F.3d 1069 (9th Cir. 2004), the homestead exemption was extended to a security deposit and prepaid rent paid under a month-to-month rental agreement. Giving the statute a liberal interpretation, the court held the prepaid rent and security deposit were conditions precedent to the debtor's right to take possession according to the terms of the lease, and, thus, were "an

---

[5](...continued)
trustee's exclusive right, and as such a debtor may assert them in his personal capacity. Beach v. Bank of America (In re Beach), 447 B.R. 313, 323 (Bankr. D. Id. 2011) (debtor holds concomitant right to assert personal defenses); In re Larkin, 468 B.R. 431, 435-436 (Bankr. S.D. Fla. 2012) (trustee could not via compromise waive debtor's right to assert personal defenses); see also Lawrence v. Steinford Holding B.V. (In re Dominelli), 820 F.2d 313, 318 (9th Cir. 1987) (junior lienor, as representative of the estate, was barred by preclusion principles from reasserting usury defense against senior lienor, when the defense had previously been settled by trustee, yet, if the law allowed, junior lienor "might be able" to assert defense in personal capacity).

In this context, it is conceivable the same set of facts comprising the claims being settled may also constitute a defense to foreclosure. The Court need not resolve that issue. Trustee conceded at argument that, as noticed, the estate was only settling "claims," not Debtors' "defenses." The Court, thus, leaves for another day, and perhaps another forum, whether Debtors in their personal right may assert a defense to foreclosure based on the same operative facts as the claims being settled.

MEMORANDUM OPINION - 4

integral part" of the leasehold, so as to come within the exemption's scope. Id. at 1074.  Here, however, the claims at bar were not conditions precedent to Debtors acquiring their ownership interest, nor are they otherwise "integral" to such interest.

Debtors argue the claims being settled encompass the request for specific performance, which if successful would forestall foreclosure and keep them in their home.  They seize upon language in Casserino where the court showed concern that should the prepaid rent and security deposit be subject to turnover to the bankruptcy estate, a debtor who could not replace those funds would likely face eviction, which would "completely subvert the homestead exemption's purpose of allowing the debtor to keep a roof over [his] head." Id. at 1075 (internal quotation omitted).  Debtors' argument, however, ignores Trustee's re-characterization of the claims (to which she has sole authority to prosecute) as ones for money damages, not specific performance.  Surely a claim for breach of contract seeking money damages would not forestall foreclosure and dispossession.  Further, even characterizing the claims being settled as including one for specific performance, the Court would be unwilling to extend the homestead exemption to reach it.  Again, such a claim was not integral to Debtors' ownership interest.  That is, Debtors could own the fee without the specific performance claim, and in fact did so for years.  Instead, the claim is integral if anything, to Debtors' obligation to repay the loan secured by the property.  Cf. Larkin, 468 B.R. at 436 (rejecting a similar claim to the homestead exemption under federal and Florida law).  But cf. In re Murphy, 367 B.R. 711, 716-717 (Bankr. D. Kan. 2007) (claims against seller and mortgagee based on breach of warranty, revocation of acceptance, deceptive practices, and failure to provide title, all asserted as counter/third party claims in a foreclosure suit, analogized as homestead's proceeds and included in Kansas' exemption).[6]  Because Debtors may not exempt the proposed $10,000 settlement proceeds under Oregon's homestead exemption, the settlement is in their creditors' interest, Kane, 784 F.2d at 1381, and thus should be approved.

---

[6]In Murphy, the subject claims arose when the debtors acquired their interest in the homestead, there, a mobile home, instead of years later as here, and further, unlike here, related directly to the mobile home's condition and title. Id.  Also there, the debtors stated their intention to use the proceeds to repair or replace the mobile home. Id. at 714.

MEMORANDUM OPINION - 5

Conclusion:

Trustee's motion will be granted. As a corollary, CitiMortgage's and Trustee's objections to exemption will be sustained, and Debtors' homestead exemption claim disallowed. This Opinion constitutes the Court's findings of fact and conclusions of law under FRBP 7052. Trustee's counsel should prepare and upload an appropriate order within 7 days.

THOMAS M. RENN
Bankruptcy Judge

MEMORANDUM OPINION - 6